UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN NOLAN,<br><br>  Plaintiff,<br><br>  v.<br><br>SEAN KELLY and DUSTIN WILLIS,<br><br>  Defendants. | No. 2:21-cv-02210-TLN-KJN<br><br>**ORDER** |

This matter is before the Court on Defendants Sean Kelly and Dustin Willis's (collectively, "Defendants") Motion to Dismiss.  (ECF No. 9.)  Plaintiff Steven Nolan ("Plaintiff") filed an opposition.  (ECF No. 11.)  Defendants filed a reply.  (ECF No. 14.)  For the reasons set forth below, the Court GRANTS Defendants' motion.

///
///
///
///
///
///
///
///

1

I.   **FACTUAL AND PROCEDURAL BACKGROUND**[1]

On December 1, 2019, Plaintiff was disc jockeying at a venue in Vacaville, California. (ECF No. 8 at 3.) While Plaintiff was performing, one of his acquaintances notified him that Plaintiff's friends had just been involved in a motor vehicle accident nearby. (*Id.*) Out of concern for the safety of his friends, Plaintiff left work and went towards the scene of the accident to try to render aid. (*Id.*) As Plaintiff approached the scene, Vacaville Police Officers Kelly and Willis attacked him. (*Id.*) Plaintiff alleges he was calmly walking toward the scene when Willis suddenly grabbed him and violently pulled him towards the ground. (*Id.*) Although Plaintiff indicated he was willing to comply, Plaintiff alleges the officers used excessive force to detain him. (*Id.* at 4.) Plaintiff alleges the officers falsely reported that he was resisting and acting in a threatening manner. (*Id.*)

Plaintiff filed the operative First Amended Complaint ("FAC") on March 14, 2022. (*Id.*) Plaintiff alleges the following claims: (1) a 42 U.S.C. § 1983 ("§ 1983") claim for excessive force; (2) a § 1983 claim for fabrication of evidence; (3) a § 1983 claim for unconstitutional seizure; and (4) a § 1983 claim for unconstitutional search. (*Id.* at 8–11.) Defendants filed the instant motion to dismiss on April 1, 2022. (ECF No. 9.)

II.   **STANDARD OF LAW**

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose

---

[1] The following recitation of facts is taken, sometimes verbatim, from the allegations in the First Amended Complaint.

2

of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Thus, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss" for failure to state a claim. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, only where a plaintiff fails to "nudge [his or

1 her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly

2 dismissed. *Id.* at 680 (internal quotations omitted).

3 If a complaint fails to state a plausible claim, "'[a] district court should grant leave to

4 amend even if no request to amend the pleading was made, unless it determines that the pleading

5 could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122,

6 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995));

7 *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in

8 denying leave to amend when amendment would be futile).

9 **III.    ANALYSIS**

10 Defendants move to dismiss Claims Two and Four and move to strike paragraphs 20 and

11 36 of the FAC. (ECF No. 9 at 5–6.) Plaintiff states he does not oppose dismissal of Claim Two,

12 nor does he oppose striking paragraphs 20 and 36. (ECF No. 11 at 1–2.) Plaintiff only opposes

13 dismissal of Claim Four. (*Id.*) Based on Plaintiff's non-opposition, the Court GRANTS

14 Defendants' motion to dismiss Claim Two and DISMISSES that claim with prejudice. The Court

15 also GRANTS Defendants' motion to strike paragraphs 20 and 36.

16 As to Claim Four, Defendants argue the FAC is devoid of facts indicating that the officers

17 conducted any search of Plaintiff's person or property. (ECF No. 9 at 12.) In opposition,

18 Plaintiff argues paragraph 46 of the FAC is sufficient to state his claim for an unlawful search.

19 (*Id.*) Paragraph 46 states: "On December 1, 2019, KELLY, WILLIS, and DOES 1-50, inclusive

20 DOES 1-50, inclusive, unconstitutionally searched NOLAN's person after he was detained and

21 his person was seized without probable cause or a search warrant." (ECF No. 8 at ¶ 46.) The

22 Court agrees with Defendants that paragraph 46 is conclusory. Plaintiff has not cited — nor can

23 the Court locate — any factual allegations indicating that Kelly or Willis participated in any

24 search. *See Jones v. Williams*, 297 F.3d 930, 935 (9th Cir. 2002) ("[A] plaintiff [cannot] hold an

25 officer liable because of his membership in a group without a showing of individual participation

26 in the unlawful conduct.").

27 Accordingly, the Court GRANTS Defendants' motion to dismiss Claim Four with leave to

28 amend.

**IV.   CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' Motion (ECF No. 9) as follows:

    1.   Claim Two is DISMISSED with prejudice;

    2.   Claim Four is DISMISSED with leave to amend; and

    3.   Paragraphs 20 and 36 of the FAC are stricken.

Plaintiff may file an amended complaint not later than thirty (30) days from the electronic filing date of this Order.  Defendants shall file a responsive pleading not later than twenty-one (21) days after Plaintiff files an amended complaint.  If Plaintiff opts not to file an amended complaint, this case will proceed on the remaining claims in the FAC (Claims One and Three), and Defendants shall file an answer not later than twenty-one (21) days from Plaintiff's deadline for filing an amended complaint.

IT IS SO ORDERED.

**DATED: January 30, 2023**

Troy L. Nunley
United States District Judge