UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN NOLAN,<br><br>  Plaintiff,<br><br>  v.<br><br>SEAN KELLY and DUSTIN WILLIS,<br><br>  Defendants. | No. 2:21-cv-02210-TLN-KJN<br><br>**ORDER** |

This matter is before the Court on Defendants Sean Kelly and Dustin Willis's (collectively, "Defendants") Motion to Dismiss. (ECF No. 17.) Plaintiff Steven Nolan ("Plaintiff") filed an opposition. (ECF No. 18.) Defendants did not file a reply. For the reasons set forth below, the Court DENIES Defendants' motion.

///
///
///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

The Court need not recount all background facts, as they are set forth fully in the Court's February 1, 2023 Order. (ECF No. 15.) In short, this case arises from allegations that Defendants attacked and detained Plaintiff as he approached a motor vehicle accident scene. (*Id.*)

Plaintiff filed the operative Second Amended Complaint ("SAC") on March 2, 2023. (ECF No. 16.) Plaintiff alleges three claims against Defendants: (1) a 42 U.S.C. § 1983 ("§ 1983") claim for excessive force; (2) a § 1983 claim for unconstitutional seizure; and (3) a § 1983 claim for unconstitutional search. (*Id*. at 8–10.) Defendants filed an instant motion to dismiss Claim Three on March 24, 2023. (ECF No. 17.)

### II. STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

1  While Rule 8(a) does not require detailed factual allegations, "it demands more than an
2  unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A
3  pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the
4  elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678
5  ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory
6  statements, do not suffice."). Thus, "[c]onclusory allegations of law and unwarranted inferences
7  are insufficient to defeat a motion to dismiss" for failure to state a claim. *Adams v. Johnson*, 355
8  F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the
9  plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws
10  in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State
11  Council of Carpenters*, 459 U.S. 519, 526 (1983).

12  Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough
13  facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim
14  has facial plausibility when the plaintiff pleads factual content that allows the court to draw the
15  reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at
16  680. While the plausibility requirement is not akin to a probability requirement, it demands more
17  than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  This plausibility
18  inquiry is "a context-specific task that requires the reviewing court to draw on its judicial
19  experience and common sense." *Id.* at 679. Thus, only where a plaintiff fails to "nudge [his or
20  her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly
21  dismissed. *Id.* at 680 (internal quotations omitted).

22  **III.  ANALYSIS**

23  In moving to dismiss Claim Three, Defendants argue Plaintiff fails to allege facts showing
24  Defendants conducted any search of Plaintiff's person or property. (ECF No. 17 at 10.)
25  Defendants also argue Plaintiff fails to allege Defendants personally participated in the search.
26  (*Id.*) In opposition, Plaintiff argues he alleges sufficient facts to state a claim for unconstitutional
27  search against Defendants. (ECF No. 18.)
28  ///

3

The Court agrees with Plaintiff. In paragraph 38 of the SAC, Plaintiff alleges Defendants "placed their hands and fingers into [Plaintiff's] clothing and/or the area between [Plaintiff's] clothing and his body, including but not limited to the pockets and waistline of [Plaintiff]." (ECF No. 16 at 10.) Courts have found that searching an individual's pockets violates a reasonable expectation of privacy. *See Hornsby v. Cnty. of Tulare*, No. 1:14-CV-01236 EPG, 2016 WL 2854361, at *8 (E.D. Cal. May 16, 2016) ("Plaintiff had a reasonable expectation of privacy in the contents of his pockets."); *United States v. Pope*, 686 F.3d 1078, 1081 (9th Cir. 2012) ("The government concedes that Pope had a reasonable expectation of privacy in the contents of his pockets."). Further, Plaintiff adequately alleges Defendants personally participated in the constitutional violation, as Plaintiff alleges "Kelly, Willis, and/or Does 1–50" conducted the search. (ECF No. 16 at 10.) Defendants fail to persuade the Court that the mere fact that this allegation is written with disjunctive language is a basis for dismissal.

Taking Plaintiff's allegations as true and drawing all reasonable inferences in his favor, the Court finds Plaintiff adequately alleges Defendants participated in an unconstitutional search by searching Plaintiff's pockets while he was detained.

### IV.   CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' Motion to Dismiss. (ECF No. 17.) Defendants shall file an answer not later than twenty-one (21) days from the electronic filing date of this Order.

IT IS SO ORDERED.

Date:  October 10, 2023

_____
Troy L. Nunley
United States District Judge